FILED
CHARLOTTE, NC

AUG - 5 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**MALIKAH HUNTER**,
9026 Paddle Oak Road
Charlotte, NC 28227
Plaintiff,
v.

**FIRSTKEY HOMES, LLC,**
**FKH SFR PROPCO G, L.P.,**
6065 Roswell Road, Suite 680
Atlanta, GA 30328

and

**CRUIKSHANK LAW GROUP, LLC,**
6065 Roswell Road NE, Suite 450
Atlanta, GA 30328
Defendants.
Case No.: 3:26-cv-627 - MEO *(Leave blank for Clerk)*

**FEDERAL COMPLAINT AND JURY DEMAND**
Plaintiff Malikah Hunter, appearing *pro se*, brings this Action for damages and injunctive relief against Defendants FirstKey Homes, LLC, FKH SFR Propco G, L.P., and Cruikshank Law Group, LLC, alleging as follows:

**I. JURISDICTION AND VENUE**
1. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under the federal Fair Housing Act (42 U.S.C. §§ 3604(f) and 3617).
2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related North Carolina state-law claims.
3. Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in Mecklenburg County, North Carolina, within this judicial district.

**II. PARTIES**

4. Plaintiff: Malikah Hunter, a resident of Charlotte, NC, occupying the residential property at 9026 Paddle Oak Road, Charlotte, NC 28227.

5. Defendant FirstKey Homes, LLC and FKH SFR Propco G, L.P. (collectively "FirstKey"): Corporate entities engaged in residential property management and leasing operations within North Carolina, with corporate headquarters at 6065 Roswell Road, Suite 680, Atlanta, GA 30328.

6. Defendant Cruikshank Law Group, LLC: A law firm located at 6065 Roswell Road NE, Suite 450, Atlanta, GA 30328, acting as the legal representative and debt collector for FirstKey.

## III. FACTUAL ALLEGATIONS

7. Plaintiff previously leased the premises under a written lease that expired in December 2025. Following expiration, Plaintiff remained a lawful tenant at sufferance under North Carolina law.

8. Plaintiff suffered severe medical hardship, specifically a broken neck and severe spinal injuries resulting from a catastrophic car accident. Defendants had actual notice of Plaintiff's medical hardship and subsequent return-to-work timeline.

9. Plaintiff attempted to pay ongoing rent and relied on an approved third-party emergency medical hardship payment source.

10. FirstKey systematically refused to accept Plaintiff's valid rent payments and rejected the third-party funds, demanding the full historical balance immediately. FirstKey's refusal intentionally created the alleged "nonpayment" balance.

11. On May 7, 2026, the Mecklenburg County Court dismissed FirstKey's eviction action against Plaintiff. No writ of possession was issued, and Plaintiff legally remained in the home.

12. On June 12, 2026, shortly after losing the eviction case, FirstKey issued a Nonrenewal Notice citing "Prior Payment History," using the pretextual nonpayment it manufactured by refusing Plaintiff's rent.

13. In July 2026, FirstKey contacted Plaintiff via telephone to pressure her into a "cash-for-keys" deal, demanding she vacate within 10 days despite having no lawful writ.

14. On July 29, 2026, Defendant Cruikshank Law Group issued an unlawful "Termination of Lease / Demand for Possession" letter, demanding Plaintiff vacate the premises by August 12, 2026.

15. Plaintiff suffered severe emotional distress, fear of homelessness, housing instability, and financial harm. Plaintiff is unable to secure alternative housing because the prior dismissed eviction filing appears on tenant-screening reports.

## IV. CLAIMS FOR RELIEF
**Count I - Fair Housing Act Retaliation & Interference (42 U.S.C. §§ 3617 & 3604(f))**

16. Plaintiff is an individual with a disability under the FHA due to a severe neck fracture.

17. Defendants interfered with, intimidated, and coerced Plaintiff in the enjoyment of her dwelling by systematically refusing rent, rejecting hardship funds, issuing retaliatory notices, and attempting to force Plaintiff out without a writ because of her medical hardship.

## Count II - Illegal Self-Eviction (NC Gen. Stat. § 42-25.6)

18. Defendants have attempted to recover possession of a residential dwelling through threats, forced deadlines, and extrajudicial demands without a court-issued writ of possession or lawful eviction order.

## Count III - Retaliatory Eviction (NC Gen. Stat. § 42-37.1)

19. Defendants issued a nonrenewal and demand for possession as a direct, pretextual retaliation against Plaintiff for asserting her legal rights, attempting to pay rent, and successfully defending her prior state eviction case.

## Count IV - Unfair & Deceptive Trade Practices (NC Gen. Stat. § 75-1.1)

20. Defendants engaged in deceptive and unfair business practices by intentionally misrepresenting payment history, blocking payment mechanisms, and issuing unlawful notices. Plaintiff seeks treble damages under § 75-16.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment against Defendants for:

- **Injunctive Relief** prohibiting Defendants, their employees, or agents from attempting to recover possession, entering the property, executing an extrajudicial walkthrough, or altering utility services at 9026 Paddle Oak Road without a lawful writ of possession.
- **An Injunction ordering Defendants** to immediately withdraw, expunge, or delete any negative credit reporting, eviction filings, or payment defaults related to this tenancy from all third-party credit bureaus and tenant-screening databases, including but not limited to CoreLogic, LexisNexis, and TransUnion Rental Risk Management.
- **Declaratory Relief** voiding the July 29, 2026 termination/demand letter and declaring the June 12, 2026 Nonrenewal Notice to be an act of unlawful retaliation.
- **Compensatory Damages** for economic losses, housing instability, out-of-pocket expenses, and the severe emotional distress caused by Defendants' ongoing harassment.
- **Treble Damages** multiplying all actual and emotional distress damages by three pursuant to NC Gen. Stat. § 75-16.
- **Punitive Damages** under the federal Fair Housing Act for Defendants' intentional, reckless, and malicious misconduct targeting a disabled tenant.
- **Costs** and any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.
Dated: August 5, 2026
Respectfully submitted,
Malikah Hunter, *Plaintiff Pro Se*
9026 Paddle Oak Road, Charlotte, NC 28227